DAVID G. HALM, ESQ., SBN: 179957
David.Halm@qpwblaw.com
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
500 N. Brand Boulevard, Suite 1650
Glendale, California  91203
Telephone: 213.486.0048
Facsimile:  213.486.0049

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

KAREN SIMON,

        Plaintiff,

v.

TARGET CORPORATION and
DOES 1 through 20, inclusive,

        Defendants.

CASE NUMBER:  2:20-cv-07169

**NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY**

State Complaint Filed:  July 1, 2020

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION:

    NOTICE IS HEREBY GIVEN pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendant TARGET CORPORATION, a Minnesota corporation ("Defendant"), through its undersigned counsel, hereby removes to this Court the state court action described herein and pleads the following grounds for removal.

    1.    This action was commenced on or about July 1, 2020, by the filing of a complaint by Plaintiff KAREN SIMON ("Plaintiff") against Defendant in the Superior Court of the State of California, County of Los Angeles – Central District, entitled <u>KAREN SIMON v. TARGET CORPORATION, et al.</u>, Case No. 20STCV24828 (the "State Court Action").

1

2.      Plaintiff alleges in her Complaint for Damages filed in the State Court Action on July 1, 2020 ("Complaint"), that she was in the Target store located at 20801 Ventura Boulevard, Woodland Hills, California ("Premises"), where she claims to have been injured as a result of dangerous and defective conditions on the Premises, specifically when she was struck by shopping carts owned by Defendant at the Premises. The Complaint seeks an unspecified amount of damages against Defendant.

3.      Defendant was served with Plaintiff's Summons and Complaint on or about July 13, 2020.  True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Addendum and Statement of Location, Notice of Case Assignment, standing court orders, Alternative Dispute Resolution Information Package and Statement of Damages received by Defendant are attached hereto as **Exhibit A**. A true and correct copy of the Proof of Service of Summons and Complaint is attached hereto as **Exhibit B**.

4.      On or about August 5, 2020, Defendant filed and served upon Plaintiff's counsel its Answer to Unverified Complaint in the State Court Action ("Answer").  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C**.

## **Basis for Removal**

5.      28 U.S.C. section 1441(b)(3) permits a defendant to file a notice of removal within thirty (30) days after defendant receives, "through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

6.      Plaintiff is a resident and citizen of the County of Los Angeles and State of California.

7.      Defendant is and, at all relevant times, was incorporated in the State

NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY

of Minnesota.  At all relevant times herein, Defendant has maintained control from its headquarters in Minneapolis, Minnesota.  In *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010), the Supreme Court held that a corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center" -- the place where the corporations' high-level officers direct, control and coordinate the corporation's activities.  This is usually the corporate headquarters.  Applying the "nerve center test" to this case, Defendant's principal place of business is Minneapolis, Minnesota.  Defendant does not conduct "substantially all" of its business in any single state, nor does its business in any single state "substantially predominate" over any other.  Defendant is a quintessential multistate corporation, with operations in each of the 50 states, all of which are directed, controlled and coordinated by its respective officers in Minneapolis, Minnesota, without regard to locale, in furtherance of the corporate objective.

8.     Other courts, applying the "nerve center test" with respect to Defendant, have similarly reached this conclusion, including this Court.  (*See*, *e.g.*, *Maldonado v. Target Corp.*, *et al.*, 2015 U.S. Dist. LEXIS 90011, at *1-2 (C.D. Cal. 2015), holding "Target has established that Minnesota is its principal place of business under the 'nerve center' test" and that complete diversity existed); *Gonzalez v. Target Corp.*, 2013 U.S. Dist. LEXIS 145769, at *4-6 (E.D.Cal. 2013), finding declaratory evidence averring that Target's retail stores and distribution centers were directed from its headquarters in Minneapolis, Minnesota, which houses Target's administrative and financial offices and bulk of corporate records, showed Target was a citizen of Minnesota for diversity purposes); *Lopez v. Target Corp.*, 2011 U.S. Dist. LEXIS 117881 *4-5.)

9.     DOES 1 through 20 are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of

NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY

1   diversity jurisdiction.  (28 U.S.C. §1441(b)(1).)

2        10.    As set forth above, the complete diversity requirements are satisfied.

3   (*See*, 28 U.S.C. §1332(a); *Hertz v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181

4   (2010).)

5        11.    Because the only real and substantial parties to this litigation were

6   and are citizens of the states of California (*i.e.*, Plaintiff) and Minnesota (*i.e.*,

7   Defendant), and not the same state, complete diversity of citizenship of the parties

8   exists.

9              **The Amount in Controversy Exceeds $75,000.00**

10       12.    Along with the Summons and Complaint, on July 13, 2020, Plaintiff

11  served a Statement of Damages, a true and correct copy of which is attached hereto

12  as **Exhibit D**. In her Statement of Damages, Plaintiff stated her "General damages"

13  for "Pain, suffering, and inconvenience" total **$2 million**, and her "Emotional

14  distress" damages total **$1 million**. Additionally, Plaintiff's "Special damages" for

15  medical expenses total **$20,000.00** and future medical expenses total **$25,000.00**.

16       13.    The total of these alleged damages is **$3,045,000.00**, exceeds

17  $75,000.00, exclusive of interest and costs.   Thus, the threshold amount in

18  controversy under 28 U.S.C. section 1332(a) is satisfied for purposes of diversity

19  jurisdiction.

20       14.    This Court has original jurisdiction of this civil action pursuant to

21  28 U.S.C. § 1332(a) because complete diversity of citizenship exists between

22  Plaintiff and Defendant and the amount in controversy to be determined exceeds

23  $75,000.00.   In addition, this is an action which may be removed pursuant to 28

24  U.S.C. § 1441(a).

25                        **Removal is Timely**

26       15.    This removal is timely in that 28 U.S.C. section 1441(b)(3) permits a

27  defendant to file a notice of removal within thirty (30) days after defendant

28

4

receives, "through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendant was served with Plaintiff's Summons and Complaint and Statement of Damages on July 13, 2020.

16.    This removal is also made within one year after the commencement of the action (*i.e.*, commenced on July 1, 2020). (28 U.S.C. § 1446(c)(1).)

17.    No further proceedings have occurred in the matter now pending before the Los Angeles Superior Court. There is presently a Final Status Conference scheduled for December 15, 2021 and a Trial scheduled on December 29, 2021.

18.    Defendant will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the Superior Court of the State of California, County of Los Angeles, and will serve written notice on counsel of record for Plaintiff.

19.    WHEREFORE, for the foregoing reasons, Defendant hereby gives notice that the referenced action is removed in its entirety from the Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446.

DATED: August 10, 2020          **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By:  /s/ *David G. Halm*
        David G. Halm, Esq.
        Attorneys for Defendant, TARGET
        CORPORATION

5

**PROOF OF SERVICE**

      I am a citizen of the United States. My business address is 500 North Brand Blvd., Suite 1650, Glendale, California 91203.  I am employed in the County of Los Angeles where this service occurs.  I am over the age of 18 years, and not a party to the within cause.

      On the date set forth below, according to ordinary business practice, I served the foregoing document entitled:

**NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY**

☒    (BY CM/ECF)  I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will s end notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

☐    (BY E-MAIL) On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) on the attached service list.

☒    (BY MAIL)  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.  On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

Thomas H. Warden, Esq.
LAW OFFICES OF THOMAS H. WARDEN
5850 Canoga Avenue, Suite 204
Woodland Hills, California 91367
Telephone Number:  (818) 710-8131
Facsimile Number:   (818) 710-8130

☒    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on August 10, 2020, at Glendale, California.

                      */s/Liseth Gonzalez*
                         Liseth Gonzalez

NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) DIVERSITY

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/01/2020 12:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

20STCV24828

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TARGET CORPORATION AND DOES 1 TO 20, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KAREN SIMON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER *(Número del Caso):*
20STCV24828

LOS ANGELES SUPERIOR COURT
111 N. HILL STREET
LOS ANGELES, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THOMAS H. WARDEN, ESQ. 49847 LAW OFFICES OF THOMAS H. WARDEN
5850 CANOGA AVENUE, SUITE 204 (818) 710-8131
WOODLAND HILLS, CA 91367

| DATE: *(Fecha)* 07/01/2020 | Clerk, by *(Secretario)* C. Monroe | , Deputy *(Adjunto)* |

Sherri R. Carter Executive Officer / Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

CEB | Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

7/13/20   12:30 PM   SIMON, KAREN

Electronically FILED by Superior Court of California, County of Los Angeles on 07/01/2020 12:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV24828

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Edward Moreton

1  THOMAS H. WARDEN (CSB# 49847)
   LAW OFFICES OF THOMAS H. WARDEN
2  5850 Canoga Avenue, Suite 204
   Woodland Hills, California 91367
3  Telephone: (818) 710-8131
   Fax:       (818) 710-8130
4

5  Attorney for Plaintiff KAREN SIMON

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

| KAREN SIMON, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | 20STCV24828 |
| | ) | |
| vs. | ) | COMPLAINT FOR NEGLIGENCE |
| | ) | AND PREMISES LIABILITY |
| TARGET CORPORATION AND DOES 1 TO 20, INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

17       Plaintiff alleges a cause of action as follows:

18                    **FIRST CAUSE OF ACTION**

19          **NEGLIGENCE (AS TO ALL NAMES DEFENDANTS)**

20       1.   Plaintiff KAREN SIMON is an individual and is now, and

21  at all times mentioned in this Complaint, was a resident of the

22  County of Los Angeles.

23       2.   Defendant TARGET CORPORATION is now, and at all

24  times mentioned in this Complaint, was a corporation duly

25  organized and existing under the laws of the State of Minnesota,

26  and doing business in Los Angeles County, State of California.

27       3.   Plaintiff does not know the true names of Defendants

28  DOES 1 TO 20, INCLUSIVE and therefore sues them by those

                                -1-

COMPLAINT FOR NEGLIGENCE AND PREMISES LIABILITY

1   fictitious names.  Plaintiff is informed and believes, and on the
2   basis of that alleged information, alleges that each of those
3   Defendants was in some manner negligently and proximately
4   responsible for the events and happenings alleged in this
5   Complaint and for Plaintiff's injuries and damages.
6       4.   Plaintiff is informed and believes, and on the basis of
7   that information and belief, alleges at all times mentioned in
8   this Complaint, Defendants were the agents and employees of their
9   Co-Defendants; and in doing the things alleged in this Complaint,
10  were acting within the course and scope of that agency and
11  employment.
12      5.   At all times mentioned in this Complaint, Defendant
13  TARGET CORPORATION and DOES 1 TO 20, owned and operated a retail
14  department store known as TARGET located at 20801 Ventura Blvd.,
15  Woodland Hills, County of Los Angeles, State of California.
16  Defendants invited the general public, including Plaintiff, to
17  enter the premises and parking lot areas of the department store
18  as she approached the store to purchase various items from
19  Defendants.
20      6.   On January 17, 2020 at approximately 3:30 P.M.,
21  Plaintiff was on the premises of Defendant's store for the
22  purpose of purchasing clothing and other items.  While
23  approaching the store from Defendant's designated parking lot for
24  business invitees, Plaintiff proceeded towards the front entrance
25  of Defendant's store , when she was suddenly and without prior
26  warning, struck by two or more locked together shopping carts
27  owned by Defendant which caused Plaintiff to be struck and pushed
28  violently to the ground in front of Defendant's store. As a

-2-

COMPLAINT FOR NEGLIGENCE AND PREMISES LIABILITY

result, Plaintiff struck the back of her head on the pavement resulting in serious physical and emotional injuries and damages as described below.

7.   Defendants, as owners and operators of TARGET CORPORATION, negligently:

a.   Failed to operate their parking lot in a safe manner so as not to endanger their business invitees from being injured or struck by Defendant's shopping carts which are under the exclusive control of Defendant's employees who, as part of their job responsibilities, were returning such carts to their designated locations for future use;

b.   Allowed the Defendant's shopping carts to forcibly strike Plaintiff which resulted in Plaintiff being knocked to the ground in Defendant's paved parking lot causing her to uncontrollably fall back and hit her head on said pavement further resulting in her losing consciousness.  Defendants, and each of them, knew or should have known that operating the collection of shopping carts in a common area of Defendant's store property in an unsafe manner posed an unreasonable risk of harm to Defendant's business invitees including Plaintiff entering the store;

c.   Failed to warn Plaintiff and other business invitees of the danger presented by the operation of the collection of Defendant's shopping carts and returning them back from the parking lot to a designated location for future use in a negligent and dangerous manner would cause serious direct injury to Plaintiff;

d.   Failed to post warning signs and block off the

-3-

COMPLAINT FOR NEGLIGENCE AND PREMISES LIABILITY

area where shopping carts would be moving and interfacing with Defendant's business invitees.  Defendant's negligent conduct as described above exposed Plaintiff and other business invitees who were similarly situated to the dangers of physical and emotional injury due to Defendant's negligence.

8.   As a direct and proximate result of the negligence of Defendants as set forth above, Plaintiff was violently struck and fell backwards on her back and head, knocking her unconscious.

9.   As a further direct and proximate result of the negligence of Defendants set forth above, Plaintiff sustained the following serious injuries and damages: Concussion, cerebral hematoma, intercranial brain bleed and neurological damages, including medical expenses, pain and suffering and permanent physical injuries, for which she sought medical attention.

## SECOND CAUSE OF ACTION

### PREMISES LIABILITY (AS TO ALL NAMED DEFENDANTS)

10.   Plaintiff hereby repeats and realleges paragraphs 1 through 9, inclusive, of the First Cause of Action and incorporates said paragraphs herein by reference as though set forth in full again.

11.   At all times herein mentioned, Defendants, and each of them, owned, leased, operated, maintained, inspected, installed repaired, designed, operated shopping cart retrieval and control of the certain premises located at 20801 Ventura Blvd., Woodland Hills, County of Los Angeles, State of California.

12.   On or about January 17, 2020, Plaintiff was approaching Defendant's store from the parking lot to enter the store

-4-

COMPLAINT FOR NEGLIGENCE AND PREMISES LIABILITY

1  entrance.  Defendant's employee(s) were gathering shopping carts
2  to be returned to the front area of the store.  When suddenly,
3  without warning or notice, Plaintiff was struck by  two or more
4  of Defendant's shopping carts being pushed and operated by
5  Defendant's employee(s) or agents, knocking her backwards and
6  pushing her violently to the paved parking lot, hitting her head,
7  thereby causing Plaintiff to sustain serious injuries and damages
8  described herein.

9      13.  Defendant TARGET CORPORATION and DOES 1 TO 20,
10  INCLUSIVE, failed to warn Plaintiff of the ultra-hazardous
11  condition and operations, whereby employees would push two or
12  more carts in a single line.  This conduct allowed said carts to
13  be operated out of control so as to create a hazardous condition
14  exposing patrons to risk of harm to be struck resulting in
15  foreseeable serious injuries.

16      14.  As a direct and proximate result of the above-described
17  ultra-hazardous activity by Defendants, and each of them,
18  Plaintiff was compelled to, and did, employ the services of
19  surgeons, physicians, nurses and the like, to examine, treat and
20  care for her and Plaintiff did incur medical, professional and
21  incidental damages, expenses and costs.  Plaintiff is informed
22  and believes, and on the basis of that alleges that by reason of
23  her injuries, she will necessarily incur additional like damages,
24  expenses and costs for an indefinite period of time in the
25  future.  The exact amount of such damages, expenses and costs is
26  unknown to Plaintiff at the present time.  However, the amount of
27  damages, expenses and costs will be stated according to proof at
28  the time of trial.

COMPLAINT FOR NEGLIGENCE AND PREMISES LIABILITY

1    WHEREFORE, Plaintiff demands judgment against Defendants,

2  and each of them, for the following:

3    1.   General damages according to proof at the time trial;

4    2.   Medical and special damages and costs of medical and

5  special damages and Plaintiff's costs of future medical care

6  according to proof at the time of trial;

7    3.   Interest according to law, costs incurred according to

8  proof; and

9    4.   Such other and further damages which may be deemed just

10  and proper.

11

12  DATED: June 29, 2020        LAW OFFICES OF THOMAS H. WARDEN

13

14                             By _____

15                                THOMAS H. WARDEN
                                  Attorney for Plaintiff
16                                KAREN SIMON

17

18

19

20

21

22

23

24

25

26

27

28

-6-

Electronically FILED by Superior Court of California, County of Los Angeles on 07/01/2020 03:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| THOMAS H. WARDEN, ESQ. 49847<br>LAW OFFICES OF THOMAS H. WARDEN<br>5850 CANOGA AVENUE, SUITE 204<br>WOODLAND HILLS, CA 91367<br>TELEPHONE NO.: (818) 710-8131    FAX NO.: (818) 710-8130<br>ATTORNEY FOR *(Name)*: KAREN SIMON | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: SIMON VS. TARGET CORPORATION, ET. AL

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV24828<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 2
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: JUNE 24, 2020

THOMAS H. WARDEN, ESQ.
(TYPE OR PRINT NAME)                ▶                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CEB | Essential Forms<br>ceb.com | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

SIMON, KAREN

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

SIMON, KAREN

| SHORT TITLE: SIMON VS. TARGET CORPORATION, ET. AL | CASE NUMBER: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties resides.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C  Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☒ A7250 | Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

SIMON, KAREN

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SIMON VS. TARGET CORPORATION, ET. AL | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**   Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or<br>                wrongful eviction)<br>☐ A6008  Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br><br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt<br>                Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 · |
| | Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SIMON VS. TARGET CORPORATION, ET. AL | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ/Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages<br>☐ A6123 Workplace Harassment With Damages<br>☐ A6124 Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

SIMON, KAREN

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SIMON VS. TARGET CORPORATION, ET. AL | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1.  ☐ 2.  ☐ 3.  ☐ 4.  ☐ 5.  ☐ 6.  ☐ 7.  ☐ 8.  ☐ 9.  ☐ 10.  ☒ 11. | 20801 VENTURA BLVD. |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| WOODLAND HILLS | CA | 91364 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL                           District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: JUNE 29 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LASC CIV 109, LASC Approved 03-04 (Rev. 12/18).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

CEB | Essential
ceb.com | Forms

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

SIMON, KAREN

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/01/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV24828 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Edward B. Moreton | 27 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/01/2020
　　(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Monroe _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY          ) CASE NO.:
COURT ("PI COURT")  PROCEDURES, )
CENTRAL DISTRICT               ) STANDING ORDER RE:  PERSONAL
(EFFECTIVE APRIL 16, 2018)     ) INJURY PROCEDURES, CENTRAL
                               ) DISTRICT
                               )
                               )
_____)

---

**DEPARTMENT:**      2      3      4      5      7

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

Standing Order Re Personal Injury Procedures, Central District

2018~SJ~007~00

1.    To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1    The Court sets the above dates in this action in the PI Court circled above (Department

2  2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3  (C.R.C. Rules 3.714(b)(3), 3.729.)

4  **FILING OF DOCUMENTS**

5  2.    Parties may file documents in person at the filing window on the first floor of the Stanley

6  Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7  which is available online at www.lacourt.org (link on homepage). Please note that filings are no

8  longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9  Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10  legally incompetent person, or person for whom a conservator has been appointed, requests to

11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12  410), may not be filed via e-Delivery.

13  **SERVICE OF SUMMONS AND COMPLAINT**

14  3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15  soon as possible but no later than three years from the date when the complaint is filed.

16  (C.C.P. § 583.210, subd.(a).)   On the OSC re Dismissal date noted above, the PI Court will

17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19  4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20  service on defendant(s) of the summons and complaint within six months of filing the complaint.

21  5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22  party appears for trial.

23  **STIPULATIONS TO CONTINUE TRIAL**

24  6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25  § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26  good cause or articulating any reason or justification for the change.   To continue or advance a

27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

2018-SJ-007-00

1  required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form
2  LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts
3  schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to
4  continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC
5  date.  Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight
6  court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.
7  (c)(2).)  In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday
8  following a court holiday.  Parties may submit a maximum of two stipulations to continue trial,
9  for a total continuance of six months. Subsequent requests to continue trial will be granted upon
10  a showing of good cause by noticed motion.  This rule is retroactive so that any previously
11  granted stipulation to continue trial will count toward the maximum number of allowed
12  continuances.
13  **NO CASE MANAGEMENT CONFERENCES**
14  7.    The PI Courts do not conduct Case Management Conferences.  The parties need not file
15  a Case Management Statement.
16  **LAW AND MOTION**
17  8.    Any documents with declarations and/or exhibits must be tabbed.  (C.R.C. Rule
18  3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts
19  attached as exhibits.  (C.R.C. Rule 3.1116(c).)
20  **CHAMBERS COPIES REQUIRED**
21  9.    In addition to filing original motion papers at the filing window on the first floor of the
22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to
23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers
24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a
25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and
26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
27  or more three-ring binders organizing the chambers copy behind tabs.
28  ///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties <u>must</u> participate in an IDC <u>before</u> a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Page 5 of 8

2018-SJ-007-00

1  IDC.

2      If parties do not stipulate to extend the deadlines, the moving party may file the motion
3  to avoid it being deemed untimely.   However, the IDC must take place before the motion is
4  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery
6  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance
7  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8  that complies with the notice requirements of the Code of Civil Procedure.

9  14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available
11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation
12  requestor must file in the appropriate department and serve an Informal Discovery Conference
13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing
15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16  least 10 court days prior to the IDC.

17  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a
21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23  ex parte." (C.R.C. Rule 3.1202(c).)  The PI Courts have no capacity to hear multiple *ex parte*
24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI
25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*
27  relief, the moving party should reserve the earliest available motion hearing date (even if it is
28  after the scheduled trial date) and should file a motion to continue trial. Parties should also check

2018-SJ-007-00

1    the Court Reservation System from time to time because earlier hearing dates may become
2    available as cases settle or hearings are taken off calendar.
3    **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**
4    17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5    Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6    mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7    Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8    the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9    "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10   a personal injury case is "complicated" the PI Courts will consider, among other things, the
11   number of pretrial hearings or the complexity of issues presented.
12   18.    Parties opposing a motion to transfer have five court days to file (at the filing window
13   on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14   (using the same LACIV 238 Motion to Transfer form).
15   19.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16   Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17   PI Courts will make an independent determination whether to transfer the case or not.
18   **FINAL STATUS CONFERENCE**
19   20.    Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20   Order Re Final Status Conference," which shall be served with the summons and complaint.
21   **JURY FEES**
22   21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23   complaint. (C. C. P. § 631, subds. (b) and (c).)
24   **JURY TRIALS**
25   22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26   Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27   will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28   Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**SANCTIONS**

23.     The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated: *April 16, 2018*

Debre K. Weintraub
Supervising Judge of Civil Courts
Los Angeles Superior Court

Page 8 of 8

Standing Order Re Personal Injury Procedures, Central District

**FILED**
Superior Court of California
County of Los Angeles

2019-SJ-011-00

AUG 09 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Anoush Mchitarian

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS (DEPARTMENTS 2, 3, 4A, 4B AND 5 OF THE SPRING STREET COURTHOUSE) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | SECOND AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective August 9, 2019) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the

COURT HEREBY AMENDS AND SUPERSEDES ITS April 16, 2018 STANDING

ORDER--RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS

AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL

JURISDICTION PERSONAL INJURY ACTIONS:

1. **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed

with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the

FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2)

met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the

authentication and admissibility of exhibits.

///

///

2.    **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.    **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.    **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.    **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.    **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

E.      LIST OF PROPOSED JURY INSTRUCTIONS
        (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

F.      JURY INSTRUCTIONS
        (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

G.      JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

H.      JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

I.      PAGE AND LINE DESIGNATION FOR
        DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the

deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

3.  **EVIDENTIARY EXHIBITS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit binders will be required by the assigned trial judge when the trial commences. In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced by all parties/counsel at the FSC.

4.  **TRIAL BINDERS REQUIRED IN THE PI COURTS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies (if available), tabbed and organized into three-ring binders with a table of contents that includes the following:

| | |
|---|---|
| Tab A: | Trial Briefs (Optional) |
| Tab B: | Motions in Limine |
| Tab C: | Joint Statement to Be Read to the Jury |
| Tab D: | Joint Witness List |
| Tab E: | Joint List of Jury Instructions (identifying the agreed upon and contested instructions) |
| Tab F: | Joint and Contested Jury Instructions |
| Tab G: | Joint and/or Contested Verdict Form(s) |
| Tab H: | Joint Exhibit List |

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and
            Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,
            answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: August 9, 2019

Samantha P. Jessner
Supervising Judge, Civil
Los Angeles Superior Court



## Superior Court of California, County of Los Angeles

> # ALTERNATIVE DISPUTE RESOLUTION (ADR)
> # INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   - JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
   - Mediation Center of Los Angeles: Case Manager (833) 476-9145 Info@mediationLA.org

   These organizations cannot accept every case and they may decline cases at their discretion. Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them. NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs** https://wdacs.lacounty.gov/programs/drp/
   - Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   - Free or low-cost mediations before the day of trial for these and other case types.
   - For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

CIV-050

- DO NOT FILE WITH THE COURT -
- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| THOMAS H. WARDEN, ESQ. <br> 49847 <br> LAW OFFICES OF THOMAS H. WARDEN <br> 5850 CANOGA AVENUE, SUITE 204 <br> WOODLAND HILLS, CA 91367 | (818) 710-8131 <br> (818) 710-8130 | |

ATTORNEY FOR *(Name)*: KAREN SIMON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF: KAREN SIMON
DEFENDANT: TARGET CORPORATION

| STATEMENT OF DAMAGES <br> (Personal Injury or Wrongful Death) | CASE NUMBER: <br> 20STCV24828 |
|---|---|

To *(name of one defendant only)*: TARGET CORPORATION
Plaintiff *(name of one plaintiff only)*: KAREN SIMON
seeks damages in the above-entitled action, as follows:

1. **General damages**                                                                AMOUNT

   a. [X] Pain, suffering, and inconvenience...................................................... $  2,000,000.00

   b. [X] Emotional distress........................................................................ $  1,000,000.00

   c. [ ] Loss of consortium......................................................................... $

   d. [ ] Loss of society and companionship *(wrongful death actions only)* ............. $

   e. [ ] Other *(specify)*........................................................................... $

   f. [ ] Other *(specify)*........................................................................... $

   g. [ ] Continued on Attachment 1.g.

2. **Special damages**

   a. [X] Medical expenses *(to date)*............................................................ $  20,000.00

   b. [X] Future medical expenses *(present value)*............................................ $  25,000.00

   c. [ ] Loss of earnings *(to date)* ............................................................. $

   d. [ ] Loss of future earning capacity *(present value)* .................................... $

   e. [ ] Property damage........................................................................... $

   f. [ ] Funeral expenses *(wrongful death actions only)*.................................... $

   g. [ ] Future contributions *(present value)* *(wrongful death actions only)* .......... $

   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)*... $

   i. [ ] Other *(specify)*........................................................................... $

   j. [ ] Other *(specify)*........................................................................... $

   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*  $
         when pursuing a judgment in the suit filed against you.

Date: JULY 10, 2020

THOMAS H. WARDEN, ESQ.
(TYPE OR PRINT NAME)                    (Proof of service on reverse)        (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

CEB.com | Essential Forms

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

SIMON, KAREN

CIV-050

| PLAINTIFF: KAREN SIMON | CASE NUMBER: |
|---|---|
| DEFENDANT: TARGET CORPORATION | 20STCV24828 |

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages  ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving  ☐ defendant  ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery  ☐ at home  ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service. By personally delivering copies.  (CCP § 415.10)**
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.  (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.  (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served.  (CCP § 415.40)  *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶ _____
   (SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▶ _____
   (SIGNATURE)

CEB | Essential
       Forms
ceb.com

**PROOF OF SERVICE**
(Statement of Damages)

SIMON, KAREN

# EXHIBIT B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Thomas H. Warden, Esq. | SBN: 49847<br>Thomas H. Warden Law Offices<br>6320 Canoga Ave. Ste 204 , Woodland Hills, CA 81367 | FOR COURT USE ONLY |
|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 07/20/2020 10:36 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Trinh,Deputy Clerk

TELEPHONE NO.: **(818) 710-8131 | FAX NO. (818) 710-8130**
E-MAIL ADDRESS: **thomaswarden@att.net**
ATTORNEY FOR : **Plaintiff: Karen Simon**

**Los Angeles Superior Court**
STREET ADDRESS: **312 N. Spring Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Los Angeles, CA 90012**
BRANCH NAME: **Spring Street Courthouse**

| PLAINTIFF:  **Karen Simon** | CASE NUMBER: |
|---|---|
| DEFENDANT:  **Target Corporation** | **20STCV24828** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location;  Notice of Case Assignment;
   Standing Order - Re: Personal Injury Procedures, Central District; Second Amended Orderre Final Status Conference,
   Personal Injury Courts;  Statement of Damages
3. a.  Party served *(specify name of party as shown on documents served):*
   **Target Corporation**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
   item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Peter Cayetano - authorized to accept service of process c/o CT Corporation system, agent for service of process**
   **Age: 39 Race: Hispanic Sex: Male**
   **Weight: 220lbs Hair: brown  Height: 5'7"  Eyes: brown**
4. Address where the party was served:  **CT Corporation System**
   **818 West 7th Street, suite 930**
   **Los Angeles, CA 90017**
5. I served the party
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on *(date):* 7/13/2020    (2) at *(time):* 1:30 PM

   b. ☐  **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
   person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
   abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
   address of the person to be served, other than a United States Postal Service post office box.  I informed him or
   her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
   place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*  from *(city):*                    **or** ☐ a declaration of mailing is attached.

      (5) ☐  I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/PS275400** |
|---|---|---|

| PETITIONER: **Karen Simon** | CASE NUMBER: |
|---|---|
| RESPONDENT: **Target Corporation** | **20STCV24828** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      *(2) from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of: **Target Corporation**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Arman Guloglyan - USA Express Legal & Investigative Services, Inc.**
  b. Address: **21031 Ventura Blvd., Suite 920  Woodland Hills, CA 91364**
  c. Telephone number: **(877) 872-3977**
  d. **The fee** for service was: **$ 63.00**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
        (i) ☐ owner   ☑ employee   ☐ independent contractor.
        (ii) Registration No.: **2019028549**
        (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **7/15/2020**

**USA** **USA Express Legal & Investigative Services, Inc.**
**21031 Ventura Blvd., Suite 920**
**Woodland Hills, CA 91364**
**(877) 872-3977**
**www.usaexpressinc.com**

    **Arman Guloglyan**       ▶
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 08/05/2020 08:58 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1  DAVID G. HALM, ESQ., SBN: 179957
   David.Halm@qpwblaw.com
2  **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
   500 N. Brand Boulevard, Suite 1650
3  Glendale, California 91203
   Telephone: 213.486.0048
4  Facsimile: 213.486.0049

5  Attorneys for Defendant, TARGET CORPORATION

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9      **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT—SPRING STREET**

10

11  KAREN SIMON,                    | CASE NO. 20STCV24828
                                    | Assigned to the Hon. Edward B. Moreton,
12              Plaintiff,          | Dept. 27

13  v.                              | **DEFENDANT TARGET
                                    | CORPORATION'S ANSWER TO**
14                                  | **UNVERIFIED COMPLAINT; JURY**
    TARGET CORPORATION and DOES 1   | **DEMAND**
15  through 20, inclusive,          |

16              Defendants.         | Complaint Filed: July 1, 2020
                                    | Trial Date:      December 29, 2021
17

18
        Defendant TARGET CORPORATION ("Defendant"), hereby answers the Complaint for
19
    Damages ("Complaint") of Plaintiff KAREN SIMON ("Plaintiff").
20
                              **GENERAL DENIAL**
21
        Pursuant to the provisions of *Code of Civil Procedure* section 431.30(d), Defendant
22
    denies, generally and specifically, each and every allegation and cause of action contained within
23
    the Complaint, and further denies that Plaintiff is entitled to relief in any form, fashion, or amount
24
    by way of the Complaint.
25
    ///
26
    ///
27
    ///
28
                                      1

    **DEFENDANT TARGET CORPORATION'S ANSWER TO UNVERIFIED COMPLAINT**

## FIRST AFFIRMATIVE DEFENSE

### (Fails To State)

1.  The Complaint and every purported cause of action therein fail to set forth facts sufficient to state a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Accidental or Unavoidable Injury)

2.  The Complaint, and each and every cause of action alleged therein, is barred because Defendant was not negligent at the time of the accident.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Negligence)

3.  At all times and places set forth in the Complaint, Plaintiff failed to exercise ordinary care on her own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action. Plaintiff's recovery therefore against this answering Defendant should be barred or reduced according to principles of comparative negligence.

## FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

4.  That at all times and places of the incident alleged in Plaintiff's Complaint, Plaintiff knew of the danger and risk incident to Plaintiff's undertaking, but despite such knowledge, Plaintiff freely and voluntarily assumed and exposed Plaintiff to all risk of harm and consequential injuries and damages, if any, therefrom, thereby barring Plaintiff's recovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Negligence of Third Parties)

5.  That at all times and places set forth in the Complaint, parties, other than this answering Defendant, failed to exercise ordinary care on their own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of by Plaintiff in this action. The fault, if any, of this answering

2

Defendant should be compared with the fault of the other defendants and damages, if any, should be apportioned among the defendants in direct relation to each Defendant's comparative fault. This answering Defendant should be obligated to pay only such damages, if any, which are directly attributable to its percentage of comparative fault. To require this answering Defendant to pay any more than its percentage of comparative fault violates the equal protection and due process clauses of the Constitution of the United States and similar provisions of the Constitution of the State of California.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.     Plaintiff has engaged in conduct with respect to the activities and/or property which is the subject of the Complaint, and by reason of said activities and conduct, is estopped from asserting any claim for damages or seeking any other relief against this answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acts of Other Parties)

7.     If Defendant is subjected to any liability by Plaintiff, it will be due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

## EIGHTH AFFIRMATIVE DEFENSE

### (Act of God)

8.     Any and all events, happenings, injuries and damages, if any, as alleged in the Complaint, were a direct result of an unforeseeable act of God.

## NINTH AFFIRMATIVE DEFENSE

### (Set-Off to Recovery)

9.     This answering Defendant is entitled to a set-off as a result of any recovery made by Plaintiff from any other party, in connection with the damages claimed in this lawsuit.

///

3

**DEFENDANT TARGET CORPORATION'S ANSWER TO UNVERIFIED COMPLAINT**

**TENTH AFFIRMATIVE DEFENSE**

**(Not an Agent, Servant or Representative)**

10.     This answering Defendant neither was, nor is, at any time material to the Complaint in issue, an agent, servant, representative, employee, partner or joint-venturer with any of the other defendants named herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Doctrine of Unclean Hands)**

11.     By virtue of Plaintiff's unlawful, immoral, careless, negligent, and/or other wrongful conduct, Plaintiff should be barred from recovering against this answering Defendant by the equitable doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unavoidable Accident)**

12.     The damages complained of, if any, were the result of an unavoidable accident insofar as Defendant is concerned, and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Intervening, Supervening and Superseding Causes)**

13.     The injuries and damages of which the Plaintiff complains were proximately caused or contributed to by the acts of other defendants, persons, and/or entities.  Said acts were an intervening, supervening, and superseding cause of the injuries and damages, if any, of which the Plaintiff complains, thus barring Plaintiff from any recovery against this answering Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

14.     The causes of action alleged in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of sections 335.1, 337.1, 337.15, 338, 340 and 343 of the Code of Civil Procedure.

///

4

**DEFENDANT TARGET CORPORATION'S ANSWER TO UNVERIFIED COMPLAINT**

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Damages Caused by Acts or Omissions Beyond Defendant's Control)

15.     The damages sustained by Plaintiff, if any, were proximately caused by the acts, omissions, negligence, fraud, and/or breach of obligations by persons other than Defendant and beyond Defendant's supervision and control.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Dangerous Condition)

16.     There was no dangerous condition which caused Plaintiff to injure himself.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Actual or Constructive Notice of Dangerous Condition of Property)

17.     Defendant did not have actual or constructive notice of the alleged dangerous condition a sufficient time before the accident within which measures could have been taken to protect against the dangerous condition.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

18.     Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence or any other conduct, if any, as set forth in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Laches)

19.     Plaintiff has engaged in unreasonable and unjustifiable delay in bringing this action rendering any grant of relief unequitable.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

20.     Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on Plaintiff's own part, or by expenditures that might reasonably have been made and, therefore, Plaintiff's recovery, if any, should be reduced by the failure of the

5

1   Plaintiff to mitigate her damages, if any there be.

2   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

3   **(Non-Economic Damages)**

4   21.   Defendant's liability for non-economic damages, if any, is limited to that

5   percentage of those damages which are in direct proportion of Defendant's percentage of fault in

6   accordance with Civil Code section 1431.2(a).

7   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

8   **(Exercise of Reasonable Care)**

9   22.   Defendant exercised reasonable care and did not know, and in the exercise of

10  reasonable care could not have known, of the alleged acts or allegations in connection with the

11  conditions which are the subject of the Complaint.

12  **TWENTY-THRID AFFIRMATIVE DEFENSE**

13  **(Defense Costs and Fees)**

14  23.   Defendant is informed and believes and thereon alleges that the Complaint filed

15  against this answering Defendant was brought without reasonable care and without a good faith

16  belief that there was a justifiable controversy under the acts and the law which warranted the

17  filing of the Complaint against this answering Defendant, and the Plaintiff would therefore be

18  responsible for this answering Defendant's necessary and reasonable defense costs, including

19  attorneys' fees, as more particularly set forth in California Code of Civil Procedure section 1038.

20  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

21  **(Failure to Exercise Ordinary Care)**

22  24.   The Complaint, and each and every cause of action alleged therein, is barred in

23  that Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf and such

24  negligence and carelessness was a proximate cause of some portion, up to and including the

25  whole of, Plaintiff's own alleged injuries and damages, if any, and Plaintiff's recovery therefore

26  should be barred or reduced according to law, up to and including the whole thereof.

27  ///

28  ///

6

DEFENDANT TARGET CORPORATION'S ANSWER TO UNVERIFIED COMPLAINT

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Lack of Particularity)

25.     The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to particularize the claims in the Complaint, thereby depriving Defendant of the ability to ascertain the true bases of Plaintiff's claim, if any, and the law applicable to the claim.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Uncertainty)

26.     Defendant alleges that the causes of action in the Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

27.     This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Accordingly, this answering Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1.     That Plaintiff takes nothing by way of her Complaint;

2.     That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.     That Defendant be awarded its costs of suit and attorneys' fees incurred herein;

4.     That Defendant be awarded such other and further relief as the Court may deem just and proper.

///

///

///

///

7

| | |
|---|---|
| 1 | DATED: August 4, 2020, |

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: _____

David G. Halm, Esq.
Attorneys for Defendant, TARGET
CORPORATION

**DEFENDANT TARGET CORPORATION'S ANSWER TO UNVERIFIED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Defendant TARGET CORPORATION hereby demands a trial by jury in the above-entitled matter.

DATED: August 4, 2020,          **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**


By: _____
    David G. Halm, Esq.
    Attorneys for Defendant, TARGET
    CORPORATION

9

**DEFENDANT TARGET CORPORATION'S ANSWER TO UNVERIFIED COMPLAINT**

**PROOF OF SERVICE**
*Simon v. Target Corporation*
Los Angeles County Superior Court Case No.: 19STCV42420

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 500 N. Brand Boulevard, Suite 1650, Glendale, California 91203.

On August 5, 2020, I served the following document described as **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** on the following persons at the following address:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY ELECTRONIC SERVICE:** I caused the above-entitled document(s) to be served via E-mail to the E-mail addresses on the attached Service List.

☐ **BY MESSENGER SERVICE:** I delivered said document(s) to a professional messenger service for service by hand delivery to the addressee(s) on the attached Service List.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 5, 2020, at Glendale, California.

Liseth Gonzalez

10

**DEFENDANT TARGET CORPORATION'S ANSWER TO UNVERIFIED COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
*Simon v. Target Corporation*
Los Angeles County Superior Court Case No.: 19STCV42420

| | |
|---|---|
| Thomas H. Warden, Esq.<br>**LAW OFFICES OF THOMAS H.**<br>**WARDEN**<br>5850 Canoga Avenue, Suite 204<br>Woodland Hills, California 91367<br>Telephone Number:  (818) 710-8131<br>Facsimile Number:   (818) 710-8130 | Attorney for Plaintiff, KAREN SIMON |

DEFENDANT TARGET CORPORATION'S ANSWER TO UNVERIFIED COMPLAINT

# EXHIBIT D

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:
THOMAS H. WARDEN, ESQ.
49847
LAW OFFICES OF THOMAS H. WARDEN
5850 CANOGA AVENUE, SUITE 204
WOODLAND HILLS, CA 91367
ATTORNEY FOR *(Name)*: KAREN SIMON

TELEPHONE NO.:
(818) 710-8131
(818) 710-8130

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF: KAREN SIMON
DEFENDANT: TARGET CORPORATION

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

CASE NUMBER:
20STCV24828

To *(name of one defendant only)*: TARGET CORPORATION
Plaintiff *(name of one plaintiff only)*: KAREN SIMON
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience ................................................. $ 2,000,000.00
   b. [X] Emotional distress ................................................................... $ 1,000,000.00
   c. [ ] Loss of consortium ................................................................. $ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ........ $ _____
   e. [ ] Other *(specify)* ................................................................... $ _____
   f. [ ] Other *(specify)* ................................................................... $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses *(to date)* ....................................................... $ 20,000.00
   b. [X] Future medical expenses *(present value)* ....................................... $ 25,000.00
   c. [ ] Loss of earnings *(to date)* ....................................................... $ _____
   d. [ ] Loss of future earning capacity *(present value)* ............................... $ _____
   e. [ ] Property damage ..................................................................... $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* ............................... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ........ $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* .. $ _____
   i. [ ] Other *(specify)* ................................................................... $ _____
   j. [ ] Other *(specify)* ................................................................... $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* $ _____
   when pursuing a judgment in the suit filed against you.

Date: JULY 10, 2020

THOMAS H. WARDEN, ESQ.
(TYPE OR PRINT NAME)

*(Proof of service on reverse)*          (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Page 1 of 2

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CEB® Essential Forms
ceb.com

SIMON, KAREN

| | CIV-050 |
|---|---|
| PLAINTIFF: KAREN SIMON | CASE NUMBER: |
| DEFENDANT:TARGET CORPORATION | 20STCV24828 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service.  Plaintiff cannot serve these papers.)*

1.  I served the

    a. ☐ Statement of Damages ☐ Other *(specify)* :

    b.  on *(name)* :
    c.  by serving   ☐ defendant   ☐ other *(name and title or relationship to person served)* :

    d. ☐ by delivery   ☐ at home   ☐ at business
        (1) date:
        (2) time:
        (3) address:

    e. ☐ by mailing
        (1) date:
        (2) place:

2.  Manner of service *(check proper box)* :
    a. ☐ **Personal service.** By personally delivering copies.  (CCP § 415.10)
    b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.  (CCP § 415.20(a))
    c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.  (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*

    d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender.  (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*

    e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served.  (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*

    f. ☐ Other *(specify code section)* :
        ☐ additional page is attached.
3.  At the time of service I was at least 18 years of age and not a party to this action.
4.  Fee for service: $
5.  Person serving:
    a. ☐ California sheriff, marshal, or constable
    b. ☐ Registered California process server
    c. ☐ Employee or independent contractor of a registered
        California process server
    d. ☐ Not a registered California process server
    e. ☐ Exempt from registration under Bus. & Prof. Code
        § 22350(b)

    f.   Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

► _____
        (SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

► _____
        (SIGNATURE)

**PROOF OF SERVICE**
(Statement of Damages)